**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 11 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

HOTEL OAKLAND ASSOCIATES,

        Plaintiff-Appellant,

  v.

DOYLE REAL ESTATE ADVISORS, LLC;
JOHN E. DOYLE,

        Defendants-third-party-
        plaintiffs-Appellees,

  v.

MARCIA L. FUDGE, Secretary, United
States Department of Housing and Urban
Development; U.S. DEPARTMENT OF
HOUSING AND URBAN
DEVELOPMENT,

        Third-party-defendants-
        Appellees.

No.   22-15713

D.C. No. 3:21-cv-05389-SK

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Sallie Kim, Magistrate Judge, Presiding

Argued and Submitted July 18, 2023
San Francisco, California

---

     * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: WARDLAW and M. SMITH, Circuit Judges, and RAYES,** District Judge.

Plaintiff-Appellant Hotel Oakland Associates (HOA) brought various tort claims against Defendant-Appellees Doyle Real Estate Advisors, LLC and John E. Doyle (collectively, Doyle) for alleged negligence in preparing a Rent Comparability Study (RCS) for the United States Department of Housing and Urban Development (HUD). Doyle then sued HUD for contribution and indemnification. The district court dismissed both complaints, finding that HOA lacked Article III standing to bring a claim against Doyle. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the facts, we do not recount them here, except as necessary to provide context to our ruling.

The district court did not err in concluding that HOA lacked standing to sue Doyle, because HOA did not plausibly allege that HUD's denial of the Mark-Up-To-Market (MUTM) application was fairly traceable to Doyle's negligence in preparing the RCS. *See Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 134 n.6 (2014) (noting that Article III standing requires that "the plaintiff's injury be fairly traceable to the defendant's conduct.")

---

** The Honorable Douglas L. Rayes, United States District Judge for the District of Arizona, sitting by designation.

2

First, as reflected in the contract between Doyle and HUD for Doyle's provision of a RCS for HOA, the agency has the discretion to reject any RCS it disagrees with, including those it commissions. For example, the contract states that a RCS is subject to "100% inspection" by HUD, which means it "shall be reviewed by HUD and certified for its completeness, accuracy, and conformance to HUD's standard." Moreover, the statutory scheme governing the MUTM program provides HUD with discretion to determine comparable market rents. Multifamily Assisted Housing Reform and Affordability Act of 1997, § 524(a)(5), Pub. L. No. 105-65, 111 Stat. 1344 (as amended by Pub. L. No. 106-74, 113 Stat. 1074, 1109–16 (1999)) (codified at 42 U.S.C. § 1437f note) ("[HUD] shall prescribe the method for determining comparable market rent by comparison with rents charged for comparable properties."). As such, HUD would have had the right to reject any hypothetical, non-negligent RCS prepared by Doyle.

Second, the record indicates that other factors beyond Doyle's RCS impacted HUD's decision to deny HOA's MUTM application. HUD stated in its second letter to HOA that it disagreed with HOA's methodology and interpretation of the Guidebook that formed the foundation of its own RCS. HOA suggests that HUD violated its own guidance by rejecting HOA's study because the study had already passed HUD's "substantive review." But that argument shows only that

3

the injury HOA complains of originated with HUD, not Doyle—the former which it chose not to sue.

Finally, HOA's own factual allegations suggest that HUD, not Doyle, caused the denial of HOA's MUTM application, because HUD "directed" and "wrongfully pressured" Doyle to change the results in his initial RCS draft to lower comparable market rents. In fact, HOA's version of the facts suggests that Doyle's initial RCS may have been acceptable to HOA prior to HUD's intervention.

Ultimately, HOA's injury "depends on the unfettered choices made by independent actors not before the court[] and whose exercise of broad and legitimate discretion the court[] cannot presume either to control or to predict." *WildEarth Guardians v. U.S. Forest Serv.*, 70 F.4th 1212, 1218 (9th Cir. 2023) (citation omitted). The district court therefore did not err in concluding that HOA did not have Article III standing.[1] And because all of Doyle's claims against HUD are derivative of HOA's, the district court also did not err in dismissing Doyle's complaint against HUD.

**AFFIRMED.**

---

[1] Because we find that Doyle lacks Article III standing, we need not address the district court's holdings on duty or causation.